RECEIVED
IN ALEXANDRIA, LA.
AUG 2 6 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KEGAN WELLS, aka KAGAN WELLS LA.DOC #316251 | CIVIL ACTION NO. 09-0913 |
| VS. | SECTION P |
| | JUDGE DRELL |
| WARDEN STEVE RADER | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Kegan Wells filed the instant petition for writ of *habeas corpus* on June 4, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Dixon Corrections Institute, Jackson, Louisiana. Petitioner attacks his 2005 conviction for being a convicted felon in possession of a firearm in the Twelfth Judicial District Court, Avoyelles Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On June 28, 2005 petitioner was convicted of being a

convicted felon in possession of a firearm. On July 19, 2005 he was sentenced to serve 12 ½ years at hard labor. [rec. doc. 1-4, Exhibit H] Petitioner appealed his conviction to the Third Circuit Court of Appeals arguing (1) illegal search and seizure; (2) ineffective assistance of counsel; and (3) evidence obtained by unlawful arrest. [rec. doc. 1, ¶9] On May 3, 2006 his conviction was affirmed in an unpublished opinion of the Third Circuit Court of Appeals. State of Louisiana v. Kegan L. Wells, 2006-00011 (La. App. 3 Cir. 5/3/2006), 927 So.2d 708.[1]

Petitioner did not seek further direct review by filing a petition for *certiorari* in the Louisiana Supreme Court.[2]

On April 25, 2007 petitioner, through retained counsel, filed an application for post-conviction relief raising a single claim – ineffective assistance of trial counsel. [rec. doc. 1-4, Exhibit E] On June 12, 2007 the trial court denied relief

---

[1] According to petitioner, he did not argue sentencing error on appeal; nevertheless, the Third Circuit having affirmed his conviction, apparently discovered patent sentencing error and that tribunal vacated petitioner's sentence and remanded for re-sentencing.

[2] Petitioner's pleadings are silent with regard to whether or not he sought further direct review following the Third Circuit's opinion affirming his conviction, but remanding for re-sentencing. However, the presumptively reliable published jurisprudence of the State of Louisiana reveals no writ judgments by the Louisiana Supreme Court on direct review.

The only Supreme Court judgment is the August 29, 2008 judgment denying post-conviction writs. See State of Louisiana v. Kagan L. Wells, 2007-2237 (La. 8/29/2008), 989 So.2d 95.

without a hearing.

On August 6, 2007 counsel filed an application for writs in the Third Circuit Court of Appeals. [rec. doc. 1-4, Exhibit F] On October 24, 2007 the Third Circuit denied writs noting, "The trial court did not err in denying Relator's post-conviction relief application without holding a hearing..." State of Louisiana v. Kegan L. Wells, No. KW 07-00950 (La. App. 3 Cir. 10/24/2007). [See rec. doc. 1-4 at p. 77]

On or about November 15, 2007 petitioner, through counsel, sought further review in the Louisiana Supreme Court. [rec. doc. 1-4, Exhibit G] On August 29, 2008 the Supreme Court denied writs. State of Louisiana v. Kagan L. Wells, 2007-KP-2237 (La. 8/29/2008), 989 So.2d 95. [see also rec. doc. 1-4, p. 78]

Petitioner signed his *pro se* petition for *habeas corpus* on May 20, 2009. [rec. doc. 1, p. 6] It was mailed on June 3, 2009 [rec. doc. 1, p. 7] and received and filed on June 4, 2009.

### *Law and Analysis*

### *1. Limitations - 28 U.S.C. §2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner,

3

who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. <u>Ott v. Johnson</u>, 192 F.3d 510, 512 (5th Cir. 1999); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see <u>Villegas v. Johnson</u>, 184 F.3d 467, 472 (5th Cir. 1999), citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. <u>Johnson v. Quarterman</u>, 483 F.3d 278 (5th Cir.

---

[3] Nothing in the record suggests that any State created impediments prevented the filing of the petition. Further, nothing suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

4

2007). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner timely appealed his conviction to the Third Circuit Court of Appeals. On May 3, 2006, his conviction was affirmed. State of Louisiana v. Kegan L. Wells, 2006-00011 (La. App. 3 Cir. 5/3/2006), 927 So.2d 708 (Table). He did not seek further direct review in Louisiana's Supreme Court and therefore his judgment of conviction "... became final by ... expiration of the time for seeking [further direct] review..." under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired, or, on or about June 5, 2006.[4]

Thereafter, petitioner had one year, or until June 5, 2007 to file his federal *habeas corpus* suit. He was able to rely on the statutory tolling provision of 28 U.S.C. §2244(d)(2) during

---

[4] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..." Uniform Rules, Courts of Appeal Rule 2-16.4 provides, "In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to the trial judge, the clerk of the trial court, all appeal counsel of record, and all parties not represented by counsel." Since the Third Circuit's opinion was rendered on May 3, 2006, it is presumed that the Third Circuit followed its own rule and mailed the opinion to appellate counsel on that day. The 30-day period of limitations prescribed by Rule X expired on Friday, June 2, 2006. Since the following days were legal holidays, the undersigned believes that the last day for filing would have been extended to Monday, June 5, 2006 and therefore that date has been determined to be the date of finality of judgment for the purposes of this Report.

5

the pendency of his application for post-conviction relief – from April 25, 2007 through August 29, 2008.[5] However, by the time he filed his application for post-conviction relief in the district court, a period of 324 days of the 1-year limitations period had expired and could not be revived. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999).

Tolling ceased and the limitations period resumed on August 29, 2008 when the Supreme Court denied writs and petitioner's post-conviction litigation no longer remained pending. Thereafter, a period of 263 additional days elapsed before petitioner filed the instant federal *habeas corpus* petition on or about May 29, 2009. Since more than one un-tolled year elapsed (587 days to be precise) between the date petitioner's judgment of conviction became final and the date he filed the instant petition, his claims are time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

## 2. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year

---

[5] As shown above, petitioner filed an Application for Post-Conviction Relief in the Twelfth Judicial District Court on April 25, 2007. His post-conviction litigation remained pending in either that court, the Third Circuit Court of Appeals or the Louisiana Supreme Court until August 29, 2008, the date the Supreme Court denied his writ application in the matter of State v. Kagan L. Wells, 2007-2237 (La. 8/29/2008), 989 So.2d 95.

statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." <u>In re Wilson</u>, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Lawrence v. Florida</u>, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely

filing his *habeas* claims. Further, and most importantly, petitioner was represented by counsel throughout the appeal and post-conviction process. Once the state post-conviction proceedings terminated, he allowed a period of 263 days to expire before filing the instant suit. Petitioner was clearly not diligent. Equitable tolling does not apply.

### *3. Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana August 26, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE